# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ADAM R. MAGID,**

      **Plaintiff,**

v.                                                                                       Case No:   6:19-cv-271-Orl-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

## ORDER[1]

Plaintiff, Adam R. Magid, brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Supplemental Security Income ("SSI"). Upon review of the record, including a transcript of the most recent proceedings before the Administrative Law Judge ("ALJ"), that ALJ's decision, the administrative record, and the pleadings and memoranda submitted by the parties, the Commissioner's final decision is due to be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

On May 11, 2014, Plaintiff filed an application for SSI. (Tr. 658–666.) He alleged an onset of disability beginning January 1, 2007 due to diabetes, peripheral neuropathy, insomnia, neck problems, shoulder problems, bipolar disorder, anxiety, depression, back problems, and prostate problems. (Tr. 659.) The ALJ deemed his application filed as of June 4, 2014. (Tr. 11.)

---

[1] On April 22, 2019, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 16.) The case was referred by an Order of Reference the same day. (Doc. 20.)

Plaintiff's application was initially denied by an ALJ on December 24, 2015. (Tr. 393–424.) On April 15, 2016, the Appeals Council remanded the case for a new hearing. (Tr. 425–430.) After a second hearing, that ALJ rendered a new decision on March 14, 2017, once again denying Plaintiff's claim. On August 3, 2017, the Appeals Council again ordered the case remanded for a hearing before a new ALJ. (Tr. 431–457, 458–460.) On February 7, 2018, a third hearing was held by the new ALJ. (Tr. 190–231.) On August 15, 2018, the new ALJ issued a third unfavorable decision, which is the decision at issue here. (Tr. 8–86.) The Appeals Council denied Plaintiff's request for review on December 12, 2018. (Tr. 1–7.) Plaintiff timely filed this action for judicial review on February 11, 2019. (Doc. 1). Plaintiff has exhausted the available administrative remedies, and therefore, this case is properly before the Court.

## II. THE ALJ'S DECISION

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. *Id; Phillips v. Barnhart*, 357 F.3d 1232, 1237–1240 (11th Cir. 2004). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. *Phillips*, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 4, 2014, the date he applied for benefits. (Tr. 12.) At step two, the ALJ found that Plaintiff had the following severe

combination of impairments that significantly limited his ability to perform basic work activities: "Diabetes Mellitus I with Diabetic Neuropathy; Cervical Disc Disease Status-Post Fusion (2008); Lumbar Disc Disease Status-Post Lumbar Discectomy and Fusion at L5-S1 (4/2016); Mild Degenerative Changes of Hip; Degenerative Joint Disease of Bilateral Shoulder with Tendinopathy; Asthma; Headaches; Anxiety Disorder; Bipolar Disorder." (*Id.*) (citation omitted). At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13.)

Before proceeding to step four, the ALJ found that Plaintiff had an RFC for a reduced range of light work, with the following limitations:

> [T]he claimant can only occasionally climb ramps and stairs, balance, stoop, kneel, [and] crouch but can never crawl or climb ladders, ropes or scaffolds. He can occasionally reach with both arms above shoulder level. He can have no more than occasional exposure to extreme temperatures (heat, cold), humidity, and fumes, odors, dust, and gases. He can occasionally work around moving, industrial equipment and machinery. He can never work in high, exposed places. He can perform only simple, repetitive tasks on a sustained basis over a normal eight-hour workday with occasional changes in a work setting and less than occasional interaction with the public.

(Tr. 19–20.)

At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 84.) Proceeding to step five, the ALJ found that Plaintiff was 42 years old on the date of the application, which is defined as a younger individual (age 18–49), had at least a high school level of education, and was able to communicate in English. (*Id.*) Thus, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*) Specifically, the Vocational Expert testified that Plaintiff could perform work as a ticket taker, information clerk, and toll collector. (Tr. 85.)

Ultimately, the ALJ found that Plaintiff was not disabled at any time since June 4, 2014, through the date of the decision. (*Id.*)

### III. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### IV. DISCUSSION

Plaintiff raises the following issues on appeal: (1) the ALJ failed to properly weigh the medical opinions of Larry Meade, D.O., Thomas Anderson, D.O., and Gary Weiss, M.D.; and (2) the ALJ failed to properly evaluate Plaintiff's testimony using the pain standard. (Doc. 32 at 19, 24, 36, 47.)

### A. Medical Opinions of Record

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. § 416.927(c).[2] A treating doctor's opinion is generally entitled to more weight, and an ALJ must articulate good cause for discounting a treating doctor's opinion. 20 C.F.R. § 416.927(c)(2). However, the opinion of a one-time examiner is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. § 416.927(b),(c).

#### a. Larry Meade, D.O.—non-examining state agency medical consultant

Plaintiff takes issue with the ALJ's assignment of only partial weight to the opinion of Dr. Meade, a non-examining state agency medical consultant. (Doc. 32 at 19–20; Tr. 47.) On December 9, 2014, Dr. Meade opined in pertinent part, "[Plaintiff] [m]ust periodically alternate sitting and standing to relieve pain and discomfort." (Tr. 384.) Plaintiff asserts that this conflicts with the RFC assigned by the ALJ. *See* SSR 83-10 (stating a job in the light work category requires "a good deal of walking or standing"). As to this portion of Dr. Meade's opinion, the ALJ found

---

[2] Although the Commissioner has adopted new regulations for considering medical opinions for claims filed on or after March 27, 2017 (*see* 20 C.F.R. § 416.920c), the claims here were filed in 2014, so the rules in § 416.927 apply.

that this opinion was not consistent with the evidence in the record at the time of the review. (Tr. 47–48.) Specifically, the ALJ found:

> The evidence of any significant and observed difficulties sitting and standing did not appear in the record until a much later date, in September 2015, which was after Dr. Meade's review and due to the acute on chronic exacerbation of the claimant's disc disease after a fall.
>
> While the claimant alleged limits of being only able to stand, sit and walk a few minutes since his application date in June 2014, the evidence of record does not support the existence of these limitations at that time. The records reflect he denied back pain at Brevard Health Alliance at visits in 2014 with Dr. McElynn on review of systems. He did not start complaining regularly of back pain until February and March 2015, which was after Dr. Meade's review. Even at that time, he did not report pain with sitting and standing and his gait was normal and independent. The record from 2014, during the time of Dr. Meade's review, reflects only a one-day episode of right low back pain after an acute strain at the airport in October, with no difficulty walking, and resolution of pain from medication that allowed him to sit and take a flight to Costa Rica. His exam findings were normal, showed no neurological deficits, no evidence of radicular symptoms to the extremities, and there was no report of shoulder or neck involvement despite evidence he was lifting suitcases.

(Tr. 48) (internal citations and footnotes omitted).

As an initial matter, as the Commissioner correctly asserts, a non-examining physician's opinion is not entitled to any particular weight or deference. *McSwain*, 814 F.2d at 619. "The administrative law judge need not defer to the opinion of a physician who conducted a single examination because that physician is not a treating physician." *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, (11th Cir. 2017) (unpublished).

Plaintiff argues that the ALJ's discounting of this portion of Dr. Meade's opinion is not supported by substantial evidence because: (1) the ALJ disagreed with Dr. Meade's opinion without citing conflicting medical evidence; and (2) Dr. Meade's opinion itself was supported by

substantial evidence. (Doc. 32 at 20.) Both arguments fall short. Here, the ALJ did not "usurp the role of a physician." *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (per curiam) (unpublished). Rather, she weighed the credibility of Dr. Meade's opinion that Plaintiff needed to alternate sitting and standing in light of other record evidence. Specifically, the ALJ noted that evidence from 2014, the time of Dr. Meade's review, indicated that Plaintiff had denied back pain, did not report pain while sitting and standing, had a normal gait, and could lift suitcases for his trip to Costa Rica. (Tr. 48, 1421, 1426.) This demonstrates that the ALJ articulated specific reasons for discounting this portion of Dr. Meade's opinion. "[T]he administrative law judge is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Huntley*, 683 F. App'x at 832. And ultimately, the RFC determination is reserved to the Commissioner so long as it is supported by substantial evidence, like here. 20 C.F.R. § 416.927(d); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010). Therefore, the ALJ did not err in rejecting this portion of Dr. Meade's opinion.

### b. Thomas Anderson, D.O.—treating internist

Next, Plaintiff takes issue with the ALJ's assignment of only partial weight to the opinion of Dr. Anderson, Plaintiff's treating internist. (Doc. 32 at 24.) Dr. Anderson began treating Plaintiff in October 2015 (Tr. 1762) and provided three opinions, on November 2015 (Tr. 1732–1739), March 2016 (Tr. 1765–1770), and October 2016 (Tr. 1984–1987). Each of these opinions pertained to Plaintiff's limitations, which were more restrictive than those the ALJ set forth in the RFC, specifically regarding Plaintiff's ability to sit, stand, and walk for extended periods of time. The timing of these opinions is key: on April 3, 2016, following the first two opinions, Plaintiff had an L5-S1 decompressive lumbar laminectomy, with posterior lumbar interbody fusion and L5-S1 pedicle screw fixation performed by Mark Fulton, M.D. (Tr. 1949.)

The ALJ properly gave Dr. Anderson's November 2015 opinion "some partial weight," finding it relevant only from September 15, 2015 through April 28, 2016. (Tr. 49.) The ALJ recognized that during this time period, Plaintiff experienced an acute exacerbation of his chronic lumbar disc disease prior to the restoration to his baseline functions after his lumbar surgery in April 2016. (*Id.*) Post-surgery, Plaintiff had full strength and reflexes, normal gait, and negative straight leg tests. (Tr. 1938–42.) Therefore, Dr. Anderson's first and second opinions were not necessarily relevant to the ALJ after Plaintiff underwent surgery. (*Id.*); 20 C.F.R. § 416.927(c)(3) (noting the ALJ considers consistency and supportability in weighing medical source opinions.) The ALJ also recognized that Dr. Anderson did not have a lengthy treatment history with Plaintiff (as of November 2015) and was not an orthopedic specialist, while noting Dr. Anderson's opinion had some value because he was Plaintiff's treating physician. (Tr. 49); 20 C.F.R. § 416.927(c)(1)–(2) (noting the ALJ considers a claimant's relationship with the medical source when weighing the opinion). Ultimately, the ALJ discounted both the November 2015 and March 2016 opinions because the ALJ found that the records demonstrated that Plaintiff's back pain had improved dramatically since his lumbar surgery in April 2016. (Tr. 59.)

The ALJ also appropriately gave Dr. Anderson's October 2016 opinion "little weight." (Tr. 58.) The ALJ found that the lack of supportive notes, inconsistency with the record, including examinations and opinions of other examining and treating physicians, and uncritical reliance on Plaintiff's subjective reports, were inconsistent with the other substantial evidence in the record. (Tr. 61.) The ALJ took issue with Dr. Anderson's opinion that Plaintiff could never stoop, crouch, kneel, or reach above the head, because the majority of Dr. Anderson's treatment notes reflected that Plaintiff's neck and back pain, and migraine headaches, were generally well controlled by medications. (Tr. 58, 60.) The ALJ found that the October 2016 opinion was not consistent with

Plaintiff's surgeon's post-operative notes, as Dr. Fulton noted Plaintiff could begin slowly increasing his activity and directed Plaintiff only to avoid "heavy bending, lifting and twisting." (Tr. 1946; Tr. 58–59.) Additionally, the ALJ found significant that Plaintiff reported markedly different complaints of pain to Dr. Anderson than he did to Dr. Fulton, whom he told that his pain had improved dramatically following surgery. (Tr. 59.)

Plaintiff argues that the ALJ failed to cite any medical opinion supporting her finding that Plaintiff could do a limited range of light work following surgery. However, Plaintiff has failed to point the Court to any controlling authority that requires medical evidence to discount an opinion. Social Security regulations and related caselaw allow an ALJ to discount the opinion of a treating physician for good cause. 20 C.F.R. § 416.927(c), (d); *Phillips*, 357 F.3d at 1240–41 ("This Court has concluded 'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.") Moreover, the ALJ relied heavily on the opinion of Dr. Fulton finding that, despite some numbness of the leg and groin, Plaintiff experienced a significant reduction in pain following surgery. (Tr. 59, 1938.) This finding was inconsistent with Dr. Anderson's opinions regarding Plaintiff's limitations rendered both before and after Plaintiff's lumbar surgery, which the ALJ compared in detail. (Tr. 59.)

Plaintiff also argues that he must have met the 12-month durational requirement to be found disabled because Dr. Meade opined that Plaintiff could not stand for significant lengths of time back in December 2014, and Dr. Anderson provided his opinion in October 2016, almost two years later. However, as previously stated, the ALJ appropriately accorded Dr. Meade's opinion partial weight, particularly as to the sit-stand requirement, and Dr. Meade's opinion was also rendered well before Plaintiff had lumbar surgery.

### c. Gary Weiss, M.D.—treating neurologist

Finally, Plaintiff asserts that the ALJ erred in assigning only little weight to Dr. Weiss's opinion. Dr. Weiss was Plaintiff's treating neurologist. Plaintiff began treating with Dr. Weiss on April 25, 2017 (Tr. 1994), and Plaintiff returned to Dr. Weiss on September 1, 2017 (Tr. 1999). At the latter visit, Dr. Weiss opined Plaintiff needed surgery at C5-6. (Tr. 2003.) On December 29, 2017, Dr. Weiss authored the opinion at issue. Therein, based on MRIs dated August 2015 and June 2017, and Plaintiff's treatment notes, Dr. Weiss opined that Plaintiff needed to change position or posture more than once every two hours and that Plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces. (Tr. 2072, 2074–75.)

Plaintiff argues it was error not to include these limitations in Plaintiff's RFC. (Doc. 32 at 37.) But the ALJ appropriately assigned Dr. Weiss's opinion little weight. (Tr. 69.) The ALJ noted that Dr. Weiss's opinion regarding ambulation "appear[ed] to be based primarily on subjective reports of the claimant of pain, which [Dr. Weiss] appeared to uncritically accept most, if not all of, even though there was evidence of significant discrepancies and inconsistencies in these reports." (Tr. 69.) Additionally, the ALJ noted that "Dr. Weiss' opinion is not supported by his own objective findings on exam." (*Id.*)

The ALJ had good cause to discount Dr. Weiss's opinion because she found that it was inconsistent with and unsupported by the evidence of record. (Tr. 69, 2072–75); 20 C.F.R. § 416.927(c)(3) (stating that the ALJ will give more weight to opinions that are supported by relevant medical evidence). Regarding ambulation, Dr. Weiss's own treatment notes indicated only a mild gait abnormality on examination, and no other physician noted a similar abnormality. (Tr. 69, 1996, 2001.) For example, the ALJ stated, "Multiple providers observed him before and after his lumbar surgery, including neurosurgery, walking with a normal gait and station. He had

appropriate dorsiflexion and plantar flexion of the feet, and no assistive device. Six months after surgery, he was seen walking at a fast pace without abnormality." (Tr. 69, 1982.) Moreover, based on the form Dr. Weiss completed, Plaintiff was able to walk on his toes and heels, squat down, and arise from a squatting position. (Tr. 69, 2073.) There was no reported weakness or loss of motor strength in the extremities, no atrophy in the legs, no mention of foot drop with heel walking, no significant or chronic range-of-motion deficits other than some decreased range in the left shoulder, no evidence of impaired dexterity, and no reflex or sensation deficits except some sensory loss that was inconsistent with claimant's orthopedist's exam in November 2015 and neurosurgeon exam in July 2016. (Tr. 69, 2072–75.)

The ALJ noted that Dr. Weiss appeared to have relied heavily on Plaintiff's subjective reports, which the ALJ found was inconsistent with the balance of the medical record. (Tr. 70–71, 2074.) In the section of the form where Dr. Weiss was supposed to lay out clinical support for his findings, Dr. Weiss relied on Plaintiff's subjective symptoms, including headaches, neck pain, and bilateral radicular pain. (Tr. 2074.) The ALJ also found Plaintiff's complaints to Dr. Weiss were inconsistent with his complaints to other treating providers, including Dr. Fulton. For example, the ALJ pointed out that Plaintiff told Dr. Weiss that his surgery helped a little, but Dr. Fulton noted that Plaintiff had a "rather dramatic improvement" and his pain had substantially resolved, although he still experienced some numbness in the leg and groin. (Tr. 62, 1938, 1945, 1994.) Thus, the ALJ identified several contradictions which led to her decision to discount Dr. Weiss's opinion. An ALJ is entitled to discount a treating physician's opinion where it is inconsistent with his own treatment notes, the medical record, or appears to be based primarily on subjective symptoms. *Crawford*, 363 F.3d at 1159. Thus, the ALJ articulated good cause to discount Dr. Weiss's opinion.

### B. Plaintiff's Testimony

The ALJ found that Plaintiff's medically determinable impairments could be expected to cause his symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 30.) Plaintiff asserts that the ALJ failed to properly follow the Eleventh Circuit's "pain standard" when evaluating Plaintiff's testimony of limitations due to his mental impairments. (Doc. 32 at 47.)

Where, as here, "the record shows that the claimant has a medically-determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work." *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013) (unpublished) (citing 20 C.F.R. § 404.1529(c)(1)). In doing so, the ALJ should "examine the claimant's statements regarding [his] symptoms in relation to all other evidence and consider whether there are any inconsistencies or conflicts between those statements and the record." *Id.* at 832 (citing 20 C.F.R. § 404.1529(c)(4)). "If the ALJ decides not to credit the claimant's testimony as to her subjective symptoms, the ALJ must articulate explicit and adequate reasons for doing so or the record must be obvious as to the credibility finding." *Id.*

Here, the ALJ identified a number of instances where Plaintiff's reports of pain were inconsistent with other evidence in the record. For example, Plaintiff still traveled to Costa Rica twice, in September and November 2014, despite his testimony that his condition was disabling. (Tr. 21, 786–793, 1596.) "[C]redibility determinations are the province of the ALJ," and as long as they are clearly articulated and supported by substantial evidence, they should not be disturbed on appeal. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). The ALJ

went on to detail how Plaintiff reported that short trips to the store were all he could handle, when he had been in Costa Rica nine days before. (Tr. 22.) The ALJ also found that Plaintiff's reports of pain were extreme despite medical records showing a successful lumbar surgery and that pain medications helped at least somewhat. (Tr. 84.) Plaintiff's psychological testing was also invalidated due to an excessive number of infrequent responses. (Tr. 84, 2066.) He also used a walker at a consultative exam, but two days later, at a post-operative visit with his neurosurgeon, he showed normal gait. (Tr. 83, 1920, 1940.) Overall, the ALJ's opinion is replete with instances where Plaintiff's subjective complaints were inconsistent with other evidence, which were clearly articulated and supported by substantial evidence.

Overall, a close review of the ALJ's detailed 76-page opinion in this matter leads the undersigned to conclude that her opinion is supported by substantial evidence and is due to be affirmed.

V. **CONCLUSION**

Upon consideration of the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record